IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMAL ERIC BARBER, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| WARDEN HOLT, | :: | CIVIL ACTION NO. |
| Respondent, | :: | 1:16-CV-1942-WSD-RGV |

**FINAL REPORT AND RECOMMENDATION**

Petitioner Jamal Eric Barber, an inmate at the Phillips State Prison in Buford, Georgia, has filed this amended 28 U.S.C. § 2254 petition to challenge his August of 2011, convictions in the Superior Court of DeKalb County. [Doc. 4]. This matter is currently before the Court on the amended petition, [Doc. 4], and respondent's motion to dismiss the petition as untimely, [Doc. 12]. Because petitioner has not responded to the motion to dismiss, it is deemed unopposed. See LR 7.1B, NDGa. For the reasons that follow, it is **RECOMMENDED** that respondent's motion to dismiss, [Doc. 12], be **GRANTED** and that this action be **DISMISSED** as time barred.

**I.  PROCEDURAL HISTORY**

Petitioner entered a negotiated guilty plea to malice murder and violating the Street Gang and Terrorism Prevention Act. [Docs. 13-1, 13-2]. On August 17, 2011, the Superior Court of DeKalb County imposed a total sentence of life imprisonment.

AO 72A
(Rev.8/82)

[Doc. 13-2]. Petitioner did not file a direct appeal or a state habeas corpus petition. On May 13, 2016, petitioner filed a demand for a speedy trial in his closed state criminal case. [Doc. 13-3].

Petitioner filed this federal habeas action on June 4, 2016.[1] [Doc. 1]. In his amended § 2254 petition, petitioner argues that his "conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant." [Doc. 4 at 5]. In support of this ground for relief, petitioner states only that he "shot [his] stepdad while he was sleeping . . . [and] fled the scene for several hours until [he] turned [him]self in to DeKalb County Jail." [Id. at 6]. Respondent moves to dismiss the petition as untimely. [Doc. 12-1 at 2-6].

## II. DISCUSSION

A § 2254 petition is subject to a statutory one-year limitation period, which runs from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2254, Rule 3(d); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In this case, there is no claim that the circumstances set forth in subparagraphs (B) through (D) above apply. Thus, the one-year limitations period began to run on September 16, 2011. See O. C. G. A. § 5-6-38(a) (notice of appeal must be filed within thirty days after entry of judgment); Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that prisoner's conviction became final under § 2244(d)(1)(A) when the time for filing a direct appeal expired). Accordingly, absent tolling, petitioner had until Monday, September 17, 2012, to file this § 2254 petition. See Fed. R. Civ. P. 6(a)(1)(C) (providing that when the last day of the time period falls on a weekend or federal legal holiday, the period continues to run until the next business day).

AO 72A
(Rev.8/82)

Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Even if petitioner's post-conviction demand for a speedy trial was a "properly filed" state collateral attack on his convictions, it did not toll the limitations period because petitioner filed it on May 13, 2016, approximately three years and eight months after the limitations period expired. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'") (citation omitted).

Petitioner does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his federal petition. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (A plea of actual innocence, if proved, can overcome the one-year limitations period for filing a federal habeas corpus action.); Holland v. Florida, 560 U.S. 631, 649 (2010) (The limitations period set forth in "§ 2244(d) is subject to equitable tolling" when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (citation omitted).

4

Accordingly, this § 2254 petition, which petitioner filed on June 4, 2016, is untimely by approximately three years and eight and a half months.

### III.  CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Where, as here, a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability

5

should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing <u>Slack</u>, 529 U.S. at 484). Because petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action as time barred, he should be denied a COA.

### IV.  CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that respondent's unopposed motion to dismiss, [Doc. 12], be **GRANTED**, that this action be **DISMISSED** as time barred, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 30th day of SEPTEMBER, 2016.

/s/ Russell G. Vineyard
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE