IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMAL ERIC BARBER,

        Plaintiff,

v.

WARDEN HOLT,

        Defendant.

1:16-cv-1942-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [14] ("R&R"). The R&R recommends the Court grant Respondent Holt's ("Respondent") Motion to Dismiss [12] Petitioner Jamal Eric Barber's ("Petitioner") 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [4] ("Section 2254 Petition").

### I. BACKGROUND

Petitioner entered a negotiated guilty plea to malice murder and violating the Street Gang and Terrorism Prevention Act. ([13.1], [13.2]). On August 17, 2011, the Superior Court of DeKalb County imposed a total sentence of life imprisonment. ([13.2]). Petitioner did not file a direct appeal or a state habeas

corpus petition.  On May 13, 2016, petitioner filed a demand for a speedy trial in his closed state criminal case.  ([13.3]).

On June 4, 2016, Petitioner filed this federal habeas action.  ([1]).  On June 30, 2016, Petitioner filed his amended Section 2254 Petition.  Petitioner argues that his "conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant."  ([4] at 5).  In support of this ground for relief, petitioner states only that he "shot [his] stepdad while he was sleeping . . . [and] fled the scene for several hours until [he] turned [him]self in to DeKalb County Jail."  (Id. at 6).  On August 8, 2016, Respondent filed his Motion to Dismiss, seeking to dismiss the Section 2254 Petition as untimely.  ([12.1] at 2-6).  Petitioner did not file a response to the Motion to Dismiss.

On September 30, 2016, the Magistrate Judge issued his R&R.  The Magistrate Judge found that the Section 2254 Petition is untimely by more than three years, statutory tolling does not apply, and equitable tolling does not apply because Petitioner does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse his late filing.  The Magistrate Judge recommends the Court grant Respondent's Motion to Dismiss, and that the

Court deny a certificate of appealability. Petitioner did not file any objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B. Analysis

Absent extraordinary circumstances, a federal court may not consider the merits of a petition for a writ of habeas corpus unless it is timely filed. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Magistrate Judge determined that, in this case, there is no claim that the circumstances set forth in subparagraphs (B) through (D) apply.  Thus, he determined the one-year limitations period began to run on September 16, 2011, when the time for filing his direct appeal expired.  (R&R at 3).

Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The Magistrate Judge determined statutory tolling does not apply, because, even if Petitioner post-conviction demand for a speedy trial was a "properly filed" state collateral attack, Petitioner filed the

4

speedy trial demand on May 13, 2016, approximately three years and eight months after the limitations period expired. (R&R at 4).

The Magistrate Judge determined that equitable tolling does not apply. The one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lugo v. Sec'y Fla. Dep't of Corr., 750 F.3d 1198, 1207 (11th Cir. 2014). The one-year limitations period also may be overcome by a showing of actual innocence. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "[E]quitable tolling is an extraordinary remedy which is sparingly applied, and [the movant bears] the burden of proving equitable tolling." Williams v. United States, 491 F.3d 1282, 1284 (11th Cir. 2007). The Magistrate Judge found that equitable tolling does not apply, because Petitioner has not alleged extraordinary circumstances that might excuse his late filing, and he does not contend that he is actually innocent. (R&R at 4). Petitioner's Section 2254 Petition was thus untimely by approximately three years and eight and a half months. Accordingly, the Magistrate Judge recommends the Court grant Respondent's Motion to Dismiss the petition as untimely. The Court finds no plain error in these findings and recommendation, and Respondent's Motion to Dismiss is granted. See Slay, 714 F.2d at 1095.

The Magistrate Judge also recommends the Court deny a certificate of appealability because Petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action as time barred.  The Court finds no plain error in these findings and recommendation, and a certificate of appealability is denied. See Slay, 714 F.2d at 1095.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondent Holt's Motion to Dismiss [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 26th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE